UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER HEINZ KAMILLO ROIGK,

               Plaintiff,

               -against-

GERMANY (FRG), ET AL.,

               Defendants.

25-CV-3991 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction, and alleging that Defendants violated his rights to "property, health, [and] property." (ECF 1, at 2.) By order dated June 18, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff invokes the court's federal question jurisdiction, and asserts that Defendants violated his rights to "property, health, [and] privacy." (ECF 1, at 2.)[1] It is unclear from the complaint whom Plaintiff is intending to sue. The caption to the complaint lists the Defendants as "Germany (FRG) And See Attachment 'Defendants 1.'" (*Id.* at 1.) The attached document labeled "Defendants 1," although confusing, appears to identify as Defendants: (1) Germany; (2) Postbank/Deutsche Bank; (3) Siemens; (4) GEMA; and (5) "Pro7Sat1 Media SE." (*Id.* at 8.) That document also suggests that Plaintiff may be intending to sue individuals Georg Bumiller, Dieter Jaeckel, and Andreas Nickl, as well as "every Member, or former Member, of the Community of Heirs of Kamillo Otto Eduard Roigk, except Peter Roigk." (*Id.* at 9.) Furthermore, "[o]ther companies," such as GMX and AVM, will be "named later." (*Id.*)

In the statement of facts section of the complaint form, Plaintiff directs the Court to the document labeled "Defendants 1" for further facts. (*Id.* at 5.) He also states,

> Also to 25CV3428 already delivered information and further detailed, as much as possible, description of facts. Also the obvious use of applications based on my, mostly forced to stop (to not continue) works in several aspects of: physics, neurology (biology) and more against me, as also, till now insufficient described and analyzed weapons against me. Also consequent activities, still, to make any conversation or communication with courts impossible.

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the complaint unless otherwise noted.

2

(*Id.*)

>In the attachment to the complaint, Plaintiff alleges,
>
>Since I have, still, German Citizenship, like my Ancestors too, in particular Parents and Grandparents, even other Countries played a large Role too, if in any way it must be seen as Government driven or not, if in common Alliances or Unions or not, that is here not the Subject of this complaint, but also the Activities to my harm and disadvantage of several private Companies or Corporations, I name here too, as several responsible or suspect individuals too, where also the, by law, existing Duty exists, to investigate in this too. Also the, meanwhile closer to or as military secret service to define BND (Bundesnachrichtendienst) plays a large Role, due to the by law or other Regulations given Order Areas (Outside Germany), similar like the Police in Germany, acting not only against their own Duties, also plain criminal, only to name, Crimes against the Humanity, including: Robbery, Intent of Murder, Data Spy Data Exchange, causing Harms and injuries, Humiliation, Discrimination, Defamation, Forced Prostitution and abuse of Minors, also Definition of Slavery.

(*Id.* at 8.)

Plaintiff states that Germany, as well its former chancellors, presidents, mayors, and states are responsible for his injuries. (*Id.*) He also alleges that money went missing from his Postbank/Deutsche Bank account, and that the bank "refused Payment of the small Amount on my Second Bank Account in Times of even Hunger for me." (*Id.*) Furthermore, Siemans is "the most important party" because it is "always close to Authorities or even the German Forces." (*Id.*) GEMA is "similar to Postbank/Deutsche Bank" and is also a "suspect for murder." (*Id.*)

Plaintiff describes his injuries as "broken base of my skull (ICD 502.1)[,] injuries brain, brain stem, temporal bones regions (most possible)[,] tag tubes too affected." (*Id.* at 6.)

Plaintiff seeks $10 billion in damages.

Since filing the complaint, Plaintiff has filed six additional letters, all of which are similar to the complaint in style and substance. (*See* ECF 4-8, 10.)

3

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint, although difficult to understand, appears to be premised upon his belief that he has been victimized by German police and elected officials with the cooperation or assistance of various international corporations. However, a "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that he was the victim of a conspiracy. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary

evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with a confusing narrative consisting of details of what he believes, but he has pleaded no factual predicate in support of his assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No.

18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because there is no showing that the lack of factual support in Plaintiff's complaint can be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   June 30, 2025
         New York, New York

                                                        *Louis L. Stanton*
                                                        Louis L. Stanton
                                                        U.S.D.J.